UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FORREST EDWARD HARRIS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:17cv02617 PLC |
| CORIZON HEALTH CARE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a pretrial detainee at the St. Louis City Justice Center,[1] seeks leave to proceed in forma pauperis in this civil action he pursues under 42 U.S.C. Section 1983 [ECF No. 2]. Additionally, this matter is before the Court on review of Plaintiff's pro se complaint under 28 U.S.C. § 1915(e)(2).

**Plaintiff's In Forma Pauperis Status**

The fee required to file a civil action, other than an application for a writ of habeas corpus, in a district court is $350.00. 28 U.S.C. § 1914(a).[2] A plaintiff in a civil action may seek leave to proceed without paying a filing fee, otherwise known as proceeding in forma pauperis.

---

[1] In this proceeding, Plaintiff seeks relief regarding medical care provided or not provided while Plaintiff is in custody at the St. Louis City Justice Center. A review of the docket sheet for Plaintiff's most recent criminal case reveals that on September 27, 2017 a jury found Plaintiff guilty of four felony offenses occurring on August 2, 2016, and the trial court set Plaintiff's sentencing for November 9, 2017. See September 27, 2017 and October 4, 2017 entries on docket sheet for State v. Harris, No. 1622-CR03364-01 (St. Louis City Cir. Ct. filed Sept. 27, 2016) (available at https://www.courts.mo.gov/casenet/cases). Under these circumstances, the Court understands Plaintiff is seeking relief regarding care provided during his pretrial detention at the St. Louis City Justice Center.

[2] Under 28 U.S.C. Section 1914(b), the Clerk of Court must also "collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective December 1, 2016, the Judicial Conference added a $50.00 administrative fee to the $350.00 statutory fee for filing a civil action or proceeding in district court. See Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Dec. 1, 2016) (as reported for 28 U.S.C.A. § 1914 in the 2017 Cum. Ann. Pocket Part for the 2006 bound Vol. of Title 28 U.S.C.A. §§ 1861-1960). The Judicial Conference expressly provided, however, that the additional $50.00 "fee does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915." Id.

See 28 U.S.C. § 1915. A district court may authorize the commencement of any civil action without the prepayment of fees by "a person who submits an affidavit that[, in addition to other information,] includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). In addition to filing the affidavit, a

> prisoner seeking to bring a civil action . . . without prepayment of fees . . . [must] submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). The statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release or [a] diversionary program." 28 U.S.C. § 1915(h).

Importantly, when a prisoner pursues a civil action in forma pauperis, the statute requires that "the prisoner . . . pay the full amount of [the] filing fee." 28 U.S.C. § 1915(b)(1). A prisoner's payment of the full filing fee occurs through the court's assessment and collection of an "initial partial filing fee" followed by required "monthly payments." 28 U.S.C. § 1915(b). The initial partial filing fee is "20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," with the "agency having custody of the prisoner . . . forward[ing] payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fee[ is] paid." 28 U.S.C. § 1915(b)(2).

Having reviewed Plaintiff's available financial information, the Court grants Plaintiff's motion to proceed in forma pauperis and assesses an initial partial filing fee of $22.00, which is twenty percent of the average monthly deposits Plaintiff reported in his affidavit [ECF No. 2]. See 28 U.S.C. § 1915(b)(1)(A); see also Henderson v. Norris, 129 F.3d 481, 484, 485 (8th Cir. 1997) (per curiam) (addressing and setting forth the procedure for the district court's in forma pauperis fee calculations and assessments for an appeal of a civil action, and noting the district court may calculate the initial partial filing fee, in the absence of a certified copy of the prison account, as "$35 or such other amount that is reasonable based on whatever information the court has about the prisoner's finances" or "as $35 or such other reasonable amount warranted by available information"). Having granted Plaintiff in forma pauperis status to pursue this lawsuit, the Court must consider whether the complaint should nevertheless be dismissed. See 28 U.S.C. § 1915(e)(2); see also 28 U.S.C. § 1915A.

**Standard of Review under Section 1915(e)(2)**

Under 28 U.S.C. Section 1915(e), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[3] A complaint is "frivolous" when "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (addressing what constitutes a frivolous complaint for the predecessor to Section 1915(e)(2), 28 U.S.C. § 1915(d)). Notably, the requirement for a Section 1915(e)(2) dismissal based on frivolousness is not the same as a dismissal for failure to state a claim upon which relief can be granted. Id. at 331.

---

[3] Having reviewed Plaintiff's allegations, there is no basis to dismiss the complaint under Section 1915(e)(2) as malicious or because Plaintiff seeks monetary relief from a defendant immune from a damages award.

When reviewing a complaint under 28 U.S.C. Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court accepts the well-pled facts as true and liberally construes the allegations. See Geitz v. Overall, 62 Fed. Appx. 744, 746 (8th Cir. 2003) (unpublished per curiam opinion) (viewing the complaint in a light most favorable to the plaintiff). Although the court must construe liberally a pro se complaint, the allegations must provide "sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). In giving a pro se complaint a "liberal construction," the United States Court of Appeals for the Eighth Circuit instructed, a "district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," when "the essence of an allegation is discernible, even though it is not pleaded with legal nicety." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (internal quotation marks and citation omitted).

More specifically, a complaint must plead more than "legal conclusions" and "[t]hreadbare recital of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

**The Complaint**

Plaintiff brings this Section 1983 action alleging he has sought but not received medical attention for cancer, growths in his chest and neck, swollen legs, pain and dizziness. In particular, he states in his complaint that "8 months ago [he] found out [he was] out of remis[s]ion from stage four cancer [and now has] a gro[w]th in [his] chest and a big[g]er growth [at] the base of [his] neck and s[]kull."[4] Plaintiff alleges he has "constantly ha[d] dizzy spells an[d] al[]most pass[ed] out."[5] Plaintiff states he has continuously asked Dr. Fuentez for "stronger [pain] medication," and, after some delay, she prescribed Naproxen and two other medications before prescribing Tylenol 4.[6] Finally, he states, "I found out the [IVC] filter is put[t]ing my life in danger every day. I've been beg[g]ing [Dr. Fuentez] to get me to Barn[e]s Hospital to get it out an[d] she won't."[7]

Attached to the complaint are twelve separate health services request forms, dated from December 26, 2016 to October 3, 2017, that Plaintiff allegedly submitted to Corizon Health Care, the only named Defendant.[8] Plaintiff's most recent request, dated October 3, 2017, seeks relief for swelling and gout in both legs, and states, "I need to go to Barnes Hospital about the [IVC] filter in my chest and getting this cancer checked. I've been asking for mo[]nth[s] now. Why haven't you sent me to the hospital yet[?]"[9] A request dated December 27, 2016 states that Plaintiff had "const[a]nt headaches and pain. Tylenol 4 [was] stop[ped] two weeks ago. I need

---

[4] Pl.'s compl. at 5 [ECF No. 1].

[5] Pl.'s compl. at 5 [ECF No. 1].

[6] Pl.'s compl. at 5 [ECF No. 1].

[7] Pl.'s compl. at 5 [ECF No. 1].

[8] Attachment to Pl.'s compl. [ECF No. 1-2]. While Plaintiff identified the only defendant as Corizon Health Care, Plaintiff does allege in his complaint that he pursued a grievance regarding his claim by "fil[ing] forms to see Dr. Fu[]entez," "talk[ing] to "the nurse for sick calls," giving "Irrs to the jail" and contacting "jail administrator Mis[s]. Bain." Id. at 3.

[9] Attachment to Pl.'s compl. [ECF No. 1-2 at 12].

to go to Barn[e]s Hospital and I'm having dizzy spells again."[10] In a request dated March 17, 2017, Plaintiff states he had asked for "medication for the swelling in [his] legs for over a month now and still ha[d]n't gotten it. I need to see the doctor now please."[11] The requests seek pain medication or visits to the doctor regarding swollen legs, growths, pain, and dizzy spells. Other materials attached to the complaint reveal that Plaintiff is "a stage 4 cancer s[u]rvivor of Ho[d]gkins Lymphoma cancer"; Plaintiff is "a[]lways in pain"; "the mas[s] behind [Plaintiff's] neck has [his] whole body and head pounding everyday"'; and Plaintiff has gout in both legs and neuropathy in both feet.[12]

For relief, Plaintiff seeks damages of $2,000.00 per day for his pain and suffering.[13] Additionally, Plaintiff states:

> I would love if you could make them get me to Barn[e]s Hospital to get this cancer checked so I could know what stage it is in. First get this [IVC] filter out of my chest before it breaks an[d] kill[s] me befor[e] the cancer do[]e[s], an[d] proper medication to help with the pain.[14]

(Footnote added.)

## Discussion

To state a claim under Section 1983, a plaintiff must allege a violation of a federal constitutional or statutory right committed by a person acting under color of state law. Lind v. Midland Funding, L.L.C., 688 F.3d 402, 405 (8th Cir. 2012). Additionally, for Section 1983 liability, there must be a causal link to and direct responsibility for the alleged deprivation of rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423

---

[10] Attachment to Pl.'s compl. [ECF No. 1-2 at 13].

[11] Attachment to Pl.'s compl. [ECF No. 1-2 at 13].

[12] Attachment to Pl.'s compl. [ECF No. 1-2 at 1, ECF No. 1-1 at 2].

[13] Pl.'s compl. at 6 [ECF No. 1].

[14] Pl.'s compl. at 6 [ECF No. 1].

U.S. 362, 370-71 (1976)). A pretrial detainee's constitutional right to medical care arises under the Due Process Clause of the Fourteenth Amendment. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). "Although [a pretrial detainee's medical care claim] is rooted in the Fourteenth Amendment, [a court] appl[ies] the deliberate-indifference standard that governs claims brought by convicted inmates under the Eighth Amendment." Id.

For "a due process violation based on deliberate-indifference," a plaintiff must show that (1) he "suffered from an objectively serious medical need" and (2) a defendant "had actual knowledge of that need but deliberately disregarded it." Bailey v. Feltmann, 810 F.3d 589, 593-94 (8th Cir.), cert. denied, 137 S. Ct. 60 (2016). An objectively serious medical need is one that was diagnosed by a physician as requiring treatment or "must be 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Jackson, 756 F.3d at 1065. Allegations in a complaint need only show that a plaintiff had "obvious signs of an objectively serious medical need . . . based on the attendant circumstances, irrespective of what the [defendant] believes the cause to be." Barton v. Taber, 820 F.3d 958, 965 (8th Cir. 2016).

To establish a defendant's actual knowledge and deliberate disregard of a plaintiff's objectively serious medical need, a plaintiff must allege facts demonstrating "more than negligence, more even than gross negligence.'" Id. (quoting Jackson, 756 F.3d at 1065). A defendant's requisite mental state may "be inferred, however, from facts that demonstrate that a medical need was obvious and that the [defendant]'s response was 'obviously inadequate.'" Id. (internal citation omitted). A doctor acting under color of state law may be liable under Section 1983 when the doctor's actions are "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Dulany v. Carnahan, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

To state a Section 1983 claim against a corporate defendant acting under color of state law, a plaintiff must allege the defendant's own unconstitutional policy, custom, or official action caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993); accord Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). Importantly, a plaintiff need not "specifically plead the existence of an unconstitutional policy or custom," so long as the factual allegations support an inference that the alleged conduct resulted from an unconstitutional policy or custom. Crumpley-Patterson, 388 F.3d at 591. In Burke v. North Dakota Dep't Corr. & Rehab., 294 F.3d 1043 (8th Cir. 2002) (per curiam), the Eighth Circuit concluded a pro se plaintiff stated a Section 1983 claim against a corporation providing medical care to inmates based on allegations the company "denied treatment entirely" and prevented him from seeing doctors for care of his hepatitis C. Id. at 1043-44. See also Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991) (abdication of policy-making and oversight responsibilities can reach a level of deliberate indifference and result in unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury).

Based on his allegations and the documentation attached to the complaint, liberally construed, the Court concludes that Plaintiff has sufficiently alleged that he suffers from one or more objectively serious medical needs, including persistent pain and dizziness, swelling of his legs, growths in his chest and at the base of his neck, and cancer. To the extent Plaintiff's claim should be liberally construed as against either the only named defendant, Corizon Health Care, or Dr. Fuentez, who is not identified as a defendant, the factual allegations are sufficient to withstand dismissal at this stage of the proceedings. With respect to defendant Corizon Health Care, the allegations in the complaint sufficiently demonstrate an alleged policy of deliberately

8

indifferent medical care due to the more than nine months of requests for care Plaintiff submitted without alleged examination or relief. See id. As to Dr. Fuentez, to the extent she is properly considered a defendant, the health service forms submitted by Plaintiff and Plaintiff's allegations that Dr. Fuentez prescribed some pain relief during the period relevant to Plaintiff's claim are sufficient to permit an inference that she had actual knowledge of Plaintiff's ongoing need for pain relief and attention to the chest and neck growths, as well as the ongoing leg swelling, and allegedly provided an "obviously inadequate" response to or a refusal of essential care for Plaintiff's serious medical need.[15]

### Appointment of Counsel

"[A] district court has authority to recruit counsel for an indigent person in appropriate circumstances. See 28 U.S.C. § 1915(e)(1). [Additionally, the district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). The Eighth Circuit has articulated criteria for considering the appointment of counsel, including such factors as the factual and legal complexity of the underlying issues, the ability of the indigent plaintiff to investigate the facts and present his claims, and the existence of conflicting testimony. Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). In light of: (1) the possibility Plaintiff may be moved from the St. Louis City Justice Center when he is sentenced this month, which would adversely affect Plaintiff's ability to more easily investigate the facts and present his claims regarding the nature of the medical care received while incarcerated there; (2) the need to clarify the complaint to more specifically articulate Plaintiff's claim(s), the relevant defendant(s), and

---

[15] Additionally, Plaintiff's action is not frivolous under Section 1915(e)(2) because there is "an arguable basis in either law or in fact" to support Plaintiff's Section 1983 claim. See Neitzke, 490 U.S. at 328 (a lawsuit is frivolous if "it lacks an arguable basis in either law or in fact").

9

the capacities in which any defendant is sued; and (3) the potential factual and legal complexity of the issues underlying his § 1983 claim(s), the Court concludes the appointment of counsel under Section 1915(e)(1) would best serve the interests of justice. Therefore, by separate order, the Court directs the Clerk to appoint counsel pursuant to the Plan for the Appointment of Pro Bono Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $22.00 within thirty (30) days after the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

In light of the separate Order entered this date directing the Clerk to appoint counsel to represent Plaintiff in this matter,

**IT IS FINALLY ORDERED** that Plaintiff's counsel is granted thirty (30) days after the date the Clerk files the Notice of Appointment of Pro Bono Counsel to file an amended complaint.

                                                                                            _____
                                                                                            PATRICIA L. COHEN
                                                                                            UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of November, 2017.